FILED
MAR 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FINOVA CAPITAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 50043 |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| JAMES BISHOP, ) | |
| ) | Kapala |
| Defendant. ) | |

## COMPLAINT

Plaintiff, FINOVA Capital Corporation ("FINOVA"), by its attorneys, Reed Smith LLP, brings this action against Defendant, James Bishop, and in support of this action complains as follows:

### JURISDICTION AND VENUE

1. Plaintiff, FINOVA Capital Corporation ("FINOVA"), is a Delaware corporation with its principal place of business located at 4800 North Scottsdale Road, Scottsdale, Arizona.

2. FINOVA was at all relevant times doing business in the State of Illinois.

3. The individual Defendant, James Bishop ("Bishop"), is a citizen of the State of Illinois and resides in the Northern District of Illinois. Bishop is an attorney licensed to practice law in Illinois.

4. This is an action for compensatory and punitive damages. This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that Plaintiff and Bishop are of diverse citizenship, and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is proper because Bishop resides in the Northern District of Illinois, and the events complained of took place in this District.

## BACKGROUND ALLEGATIONS

6. This action relates to Bishop's participation in a conspiratorial scheme to create – and present to a court of law – falsified documents, in order to assist his client in avoiding payment of debts.

7. As set forth below, Bishop's actions constitute not only an egregious violation of professional ethics, but rise to the level of criminality.

### I. THE UNDERLYING LITIGATION

8. At all relevant times, Bishop's unnamed co-conspirator Judy Petersen owed and continues to owe delinquent debts to Plaintiff FINOVA, arising out of a lease contract between Petersen and her company as lessee/guarantor and FINOVA as lessor.

9. As a result of those delinquent debts, FINOVA sued Judy Petersen in the Circuit Court of Cook County, under case number 01 CH 03298 (the "Cook County Action"). FINOVA served Judy Petersen with the complaint on or about August 27, 2001. Bishop filed an appearance on behalf of Judy Peterson in the Cook County Action.

10. Subsequently, Bishop was successful in forcing FINOVA to re-file its claim against Judy Petersen in McHenry County: on March 14, 2002, FINOVA sued Judy Petersen in the Circuit Court of McHenry County, under case number 02 LA 79, to recover the delinquent debts (the "McHenry County Action"). Bishop filed an appearance on behalf of Judy Peterson in the McHenry County Action.

11. On February 7, 2003, the court entered judgment, pursuant to FINOVA's motion for summary judgment, in favor of the Plaintiff and against Judy Petersen for $93,224.60 in the McHenry County Action (the "Judgment"). Judy Peterson did not appeal the order.

## II. BISHOP CONSPIRES WITH HIS CLIENTS, JUDY AND MICHAEL PETERSEN, TO FALSIFY TRANSFER DOCUMENTS TO DIVEST JUDY PETERSEN OF HER ASSETS

12. On and after December 27, 2001, after Bishop filed his appearance on behalf of Judy Peterson in the Cook County Action, he created documents to divest Judy Petersen of all interest in real estate by transferring the assets out of her name and into a trust of which her husband, Michael Petersen, an unnamed co-conspirator, was the trustee.

13. At the time of Judy Petersen's divestment of her real estate interests, Bishop and Judy Petersen were aware of the debt Petersen owed to FINOVA and of its efforts to collect that debt through the Cook County Action.

14. Bishop and Judy Petersen divested the assets from her name to prevent FINOVA from collecting that debt. The Judgment resolved that, throughout the period in question, Petersen owed FINOVA the money on the underlying lease and guaranty, and, thus, her transfer of assets was an attempt to defraud her creditor, FINOVA.

15. As a result of that divestment, Judy Petersen has retained insufficient property to pay the Judgment, and FINOVA has been unable to collect on the Judgment.

16. In response to Judy Petersen's divestment of property interests, FINOVA filed a fraudulent transfer action in the Circuit Court of McHenry County, Illinois, case number 04 LA 206, against Judy Petersen and her husband, Michael, who received the beneficial interest in the property.

17. Bishop also represented Judy and Michael Petersen in the fraudulent transfer action. However, following FINOVA's motion to disqualify him as counsel, Defendant withdrew as counsel for Judy and Michael Petersen.

18.     Bishop, Judy Petersen, and her husband Michael Petersen dated the transfer documents months earlier to create the appearance that Judy Petersen decided to transfer her assets before FINOVA filed the Cook County Action to collect the debt owed by Judy Petersen.

19.     To carry out this scheme, Bishop backdated documents purporting to authorize the transfers, for the express purpose of preventing Plaintiff FINOVA from collecting on its debts.

20.     Specifically, though the transfers were not actually requested until December, 2001, or later, Bishop falsified the documents authorizing the transfers to make it appear that they were authorized in July 2001.

21.     This backdating was done for the express purpose of making it appear as if Judy Petersen had divested herself of the assets for legitimate purposes, instead of for the sole purpose of preventing FINOVA from collecting on its debts. Bishop used the backdated documents to defeat FINOVA's motion for summary judgment in the fraudulent transfer action.

22.     In the course of pursuing FINOVA's fraudulent transfer action, FINOVA's counsel subsequently obtained electronic data from Defendant's computer showing that he had the documents created in December 2001 and January 2002, long after the July dates he had inserted into the documents.

23.     During the course of the fraudulent conveyance action, Bishop and his assistant each testified that they could not refute that they created the documents long after the dates they inserted into the documents.

### DEFENDANT PARTICIPATED IN AND FRAUDULENTLY CONCEALED A CIVIL CONSPIRACY

24.     Plaintiff incorporates paragraphs 1 through 23 by reference as if fully set forth herein.

25. Defendant entered an agreement with his co-conspirators to unlawfully falsify transfer documents relating to Judy Petersen's divestment of real estate in favor of her husband or a trust for her husband's benefit.

26. Defendant carried out acts in furtherance of this agreement, aimed at preventing FINOVA from collecting on Judy Petersen's debt.

27. Specifically, using documents that he intentionally falsified, Defendant conspired to prevent FINOVA from collecting on its debts by making false representations not only to FINOVA, but to the Honorable Circuit Court of McHenry County.

28. Accordingly, Bishop participated in a civil conspiracy, which has damaged Plaintiff FINOVA, and is liable for those damages.

29. Furthermore, Bishop's conduct, as an attorney who represented Judy Petersen in the various actions, rises to a level of outrageousness more than sufficient to warrant punitive damages.

30. Bishop's actions were not only unethical, but unlawful. As an attorney, Defendant aided his client in preventing the collection of debt by deliberately aiding in a conspiracy to present falsified documents both to a creditor as well as a court of law.

31. Furthermore, Defendant's actions worked to fraudulently conceal both the true nature of Judy Petersen's divestment of real estate, as well as Bishop's involvement therein.

32. As a direct result of Bishop's successful efforts to fraudulently conceal both the proper date of the transfer documents as well as his role in falsifying those documents, Plaintiff has been unable to obtain any recovery against the Judgment since it was entered in 2003.

WHEREFORE, Plaintiff prays this Honorable Court to grant the following relief:

a. that FINOVA be awarded compensatory damages in the amount of $93,224.60, plus prejudgment interest;

b.  that FINOVA be awarded punitive damages of not less than $300,000;

c.  that FINOVA be awarded its attorney's fees and cost of suit; and

d.  any and all other relief that Court deems fair and reasonable.

Respectfully submitted,

FINOVA CAPITAL CORPORATION

By: _____
One of its attorneys

John W. Moynihan (ARDC No. 6212061)
Gary S. Caplan (ARDC No. 6198263)
Joseph B. Prater (ARDC No. 6290497)
Reed Smith LLP
10 S. Wacker Drive, Suite 4000
Chicago, IL 60606
(312) 207-3869

CHILIB-2130164.4-JBPRATER-316702-00134